UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

GREENWOOD GROUP, LLC,

Plaintiff,

**DECISION AND ORDER**

-v-

1:15-CV-00851 EAW

BROOKLANDS, INC., and ARC DEVICES,
INC. USA,

Defendants.

_____

## INTRODUCTION

The instant action was removed to this Court from New York State Supreme Court, Erie County, on September 21, 2015. (Dkt. 1). Defendant Arc Devices, Inc. USA ("Arc Devices") moved pursuant to Federal Rule of Civil Procedure 12(b)(2) for dismissal due to lack of personal jurisdiction. (Dkt. 5). On March 8, 2016, the Court held a hearing at which it reserved decision on Arc Devices' motion and ordered that limited jurisdictional discovery be conducted. (Dkt. 25).

On April 26, 2016, Plaintiff Greenwood Group, LLC ("Plaintiff") filed a Notice of Voluntary Dismissal (Dkt. 36) in which it voluntarily dismissed its claim against Arc Devices. Contemporaneously with the filing of the Notice of Voluntary Dismissal, Plaintiff also filed a motion for leave to file an amended complaint and for remand to

state court. (Dkt. 35). On May 6, 2016, Arc Devices filed a motion to vacate the Notice of Voluntary Dismissal and for costs and sanction. (Dkt. 42).

For the reasons discussed below, Arc Devices' motion to vacate and for costs and sanctions (Dkt. 36) is denied and Plaintiff's motion for leave to file an amended complaint and for remand (Dkt. 35) is granted. Upon Plaintiff's filing of the amended complaint, this action will be remanded to New York State Supreme Court.

## BACKGROUND

Plaintiff originally commenced this action in New York State Supreme Court, Erie County. (Dkt. 1). On September 21, 2015, Defendants filed a notice of removal on the basis of this Court's diversity jurisdiction. (*Id.*). On October 5, 2015, Arc Devices filed its motion to dismiss for lack of personal jurisdiction. (Dkt. 5).

Plaintiff alleges that it had a contract with Arc Devices to provide management services and that Arc Devices breached the contract. (Dkt. 1-4 at ¶¶ 7, 13-15). Plaintiff also alleges that Arc Devices "continuously and systematically does and solicits business in the State of New York, and derives substantial revenue from goods sold and services rendered in New York." (*Id.* at ¶ 5). Arc Devices maintains that it does not do business with any persons or business entities in New York and that it does not sell products or services in New York. (Dkt. 5-1 at ¶¶ 2, 4). On March 8, 2016, the Court ordered that limited jurisdictional discovery be taken in this matter. (Dkt. 24, 25).

On April 26, 2016, Plaintiff filed a Notice of Voluntary Dismissal in which it "dismisse[d] its Second Cause of Action against Defendant Arc Devices, Inc. USA." (Dkt. 36).   Plaintiff contemporaneously filed a motion for leave to file an amended complaint adding a new cause of action against Arc Devices, and a cause of action against Arc Devices LTD, an Irish limited company. (Dkt. 35).   Based on its argument that the addition of Arc Devices LTD as a defendant would destroy this Court's diversity jurisdiction, Plaintiff also requests that the matter be remanded to state court.   (*Id.*). Defendants filed their opposition papers on May 17, 2016 (Dkt. 46, 47), and Plaintiff filed its reply on May 23, 2016 (Dkt. 48).   Arc Devices filed a "supplemental exhibit" to its opposition on June 9, 2016.  (Dkt. 50).

On May 6, 2016, Arc Devices filed a motion asking the Court to vacate Plaintiff's Notice of Voluntary Dismissal, and for costs and sanctions. (Dkt. 42).   Arc Devices filed "supplemental exhibits" to this motion on May 10, 2016.   (Dkt. 44).   Plaintiff filed its opposition papers on May 11, 2016 (Dkt. 45), and Arc Devices filed its reply on May 24, 2016.  (Dkt. 49).

## DISCUSSION

### I.    Motion to Vacate

The Court considers as a preliminary matter Arc Devices' request to vacate Plaintiff's Notice of Voluntary Dismissal.   Arc Devices argues that the Notice of Voluntary Dismissal should be vacated on the basis that Plaintiff could have resolved the

merits of this case and "filed its voluntary dismissal because [engaging in jurisdictional discovery] would have revealed the lack of merit to [Plaintiff's] claim. . . ." (Dkt. 42-1 at 18). Arc Devices argues in the alternative that if the Court declines to vacate the Notice of Voluntary Dismissal, the Court should award Arc its costs pursuant to Federal Rule of Civil Procedure 41(d). (*Id.* at 19). Finally, Arc Devices asks the Court to sanction Plaintiff pursuant to its inherent power to sanction litigation misconduct. (*Id.* at 20). For the reasons set forth below, each of these requests is denied.

## A.   Vacatur

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), a plaintiff "may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. . . ." Fed. R. Civ. P. 41(a)(1)(A)(i). "[A] plaintiff may use Rule 41 to dismiss a . . . party provided the party has not yet served an answer or motion for summary judgment. If these conditions are met, the plaintiff has the unilateral right to discontinue the action." *Guigliano v. Danbury Hosp.*, 396 F. Supp. 2d 220, 224 (D. Conn. 2005) (citations omitted); *see also Frank v. Trilegiant Corp.*, No. 10 CV 5211 DRH ARL, 2012 WL 214100, at *3 (E.D.N.Y. Jan. 24, 2012) (collecting cases); *Morron v. City of Middletown*, No. CIV.A3:05CV1705(JCH), 2006 WL 1455607, at *1 (D. Conn. May 23, 2006) ("[U]nder Rule 41(a)(1), where a party has not yet served an answer or a motion for summary

judgment, a plaintiff has the unilateral right to dismiss an action against a particular defendant.").

Arc Devices relies on the Second Circuit's opinion in *Harvey Aluminum, Inc. v. Am. Cyanamid Co.*, 203 F.2d 105 (2d Cir. 1953), which held that the proper procedure for voluntarily dropping a claim as to a single defendant was a motion pursuant to Federal Rule of Civil Procedure 21, to argue that the Court has the authority to strike the Notice of Voluntary Dismissal. However, as numerous courts in this Circuit have noted, the holding in *Harvey Aluminum* "has been criticized by the commentators, and rejected by the Second Circuit in subsequent cases." *Gen. Foods Corp. v. Jay V. Zimmerman Co.*, No. 86 CIV. 2697 (KMW), 1990 WL 115714, at *2 n.2 (S.D.N.Y. Aug. 7, 1990); *see also Guigliano*, 396 F. Supp. 2d at 224 ("This aspect of *Harvey Aluminum* has been widely criticized and appears to have been disavowed by the Second Circuit."); *Frank*, 2012 WL 214100 at *3 ("the Second Circuit recognized that its *Harvey Aluminum* holding . . . had been criticized and is now against the weight of authority") (quotation omitted); *Blaize-Sampeur v. McDowell*, No. 05CV4275(JFB)(ARL), 2007 WL 1958909, at *2 (E.D.N.Y. June 29, 2007) (although the Second Circuit has not expressly overruled *Harvey Aluminum*, "district courts within the Second Circuit have since adopted the approach of the majority of courts in other circuits"); *Mut. Ben. Life Ins. Co. in Rehab. v. Carol Mgmt. Corp.*, No. 93 CIV. 7991 (LAP), 1994 WL 570154, at *1 (S.D.N.Y. Oct. 13, 1994) (the holding in *Harvey Aluminum* "has been criticized and rejected by courts and

commentators alike, including the Court of Appeals itself"); *First Union Caesar Corp. v. U.S. Mach. Tools, Inc.*, No. CIV. H 81-540, 1982 WL 1586, at *1 (D. Conn. Aug. 19, 1982) ("The ruling in *Harvey Aluminum* is no longer the leading authority in the Second Circuit interpreting Rule 41(a)(1)(i). In *Thorp v. Scarne*, 599 F.2d 1169 (2d Cir. 1979), our Court of Appeals effectively limited *Harvey Aluminum* to its facts."). Indeed, the Second Circuit noted in *Thorp* that "while *Harvey Aluminum* may have furthered one purpose of Rule 41(a)(1)(i), that of confining dismissals to an early stage of the proceedings, it did so at the expense of a concurrent and perhaps equally important purpose, that of establishing a bright-line test marking the termination of a plaintiff's otherwise unfettered right voluntarily and unilaterally to dismiss an action." 599 F.2d 1169.

Moreover, the instant matter is distinguishable from *Harvey Aluminum* on its facts. In *Harvey Aluminum*, "the party sought to be dismissed was an indispensable party. . . ." *Wakefield v. N. Telecom, Inc.*, 769 F.2d 109, 114 (2d Cir. 1985). Here, Arc Devices does not contend that is an indispensable party, nor does the record support such a conclusion. Additionally, "[i]n *Harvey Aluminum*, the notice of voluntary dismissal was filed after (1) a long evidentiary hearing had been held, and (2) the district court had entered a finding regarding the plaintiffs likelihood of success on the merits." *First Union Caesar*, 1982 WL 1586 at *2. "[T]his case does not involve anything like the extreme situation presented in *Harvey Aluminum*." *Id.*

-6-

In sum, Arc Devices has failed to establish that the Notice of Voluntary Dismissal was improperly filed, and there is no basis for the Court to vacate it.   Arc Devices' request for vacatur is denied.

## B.   Costs

In the event the Court denies its request for vacatur (as the Court has in fact done), Arc Devices requests that it be awarded costs pursuant to Federal Rule of Civil Procedure 41(d).   Pursuant to Rule 41(d), "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied."   Fed. R. Civ. P. 41(d). "Such an award is discretionary, and courts in this Circuit consistently have limited payment of Rule 41(d) attorneys' fees to compensation for work done in the first action that cannot be used in a second existing or contemplated action."   *Gordon v. Kaleida Health*, No. 08-CV-950S, 2012 WL 1965671, at *1 (W.D.N.Y. May 31, 2012). "Rule 41(d)'s purpose is to compensate a defendant for costs and fees that are 'wasted' once a plaintiff voluntarily dismisses an action – i.e., the amount of prior work that cannot be utilized even if the same claims are re-filed."   *Id.* at *2; *see also Adams v. New York State Educ. Dep't*, 630 F. Supp. 2d 333, 343-44 (S.D.N.Y. 2009) ("[P]ayment of fees [under Rule 41(d)] must be limited to compensation for work that cannot be used in a second contemplated action. . . .").

Arc Devices has not demonstrated that an award of costs pursuant to Rule 41(d) is appropriate in this matter. Even assuming that the claims set forth in the proposed amended complaint are "based on or includ[e] the same claim" voluntarily dismissed by Plaintiff (a fact that Plaintiff disputes), Arc Devices has failed to demonstrate that it undertook any work in defense of the dismissed claim that it will not be able to utilize in defending against the proposed amended complaint. To the contrary, Arc Devices argues that "the key issue to be decided in the new claim, whether Arc is a successor to Brooklands, was also a key issue to be decided in the dismissed claim." (Dkt. 49 at 12). Under these circumstances, the Court declines to exercise its discretion to award fees under Rule 41(d). *See Gordon*, 2012 WL 1965671 at *2 (declining to award fees pursuant to Rule 41(d) where defendants could reuse work in defending against refiled claims).

## C.   Sanctions

Arc Devices also asks the Court to exercise its inherent power to sanction misconduct against Plaintiff. In particular, Arc Devices argues that Plaintiff should be sanctioned because it has acted in bad faith and "avoid[ed] disclosing the lack of merit" to its claims. (Dkt. 42-1 at 20-21).

"The Supreme Court has recognized that federal courts may exercise their inherent power to assess attorneys' fees as a sanction 'when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons,' such as when the party practices a

fraud upon the court, or shows bad faith by delaying or disrupting the litigation or hampering a court order's enforcement." *Gordon*, 2012 WL 1965671 at *2 (quoting *Chambers v. NASCO*, 501 U.S. 32, 45-46 (1991)). "An award of sanctions under the court's inherent power requires both clear evidence that the challenged actions are entirely without color, and [are taken] for reasons of harassment or delay or for other improper purposes[,] and a high degree of specificity in the factual findings of [the] lower courts." *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 78 (2d Cir. 2000) (quotation omitted and alterations in original).

In *Gordon*, the court held that "it would be an abuse of power to penalize Plaintiffs for voluntarily dismissing claims under Rule 41, beyond such costs as are authorized by Rule 41." 2012 WL 1965671 at *3. This Court agrees. An exercise of the inherent power to sanction is appropriate only "when neither the statute nor the Rules are up to the task. . . ." *Walker v. Smith*, 277 F. Supp. 2d 297, 301 (S.D.N.Y. 2003) (quotation omitted).

Additionally, the Court cannot find on the record before it that Plaintiff has acted in bad faith or that its claims against Arc Devices are meritless. This lawsuit remains in the very preliminary stages and the record is far from complete. *See Talton v. Amalgamated Transit Union*, 962 F. Supp. 2d 504, 508 (W.D.N.Y. 2013) (sanctions request should not be based on an incomplete record). There are significant factual

disputes between the parties that are simply not amenable to resolution by the Court on the current record. Under these circumstances, sanctions are not warranted.

## II.   Motion for Leave to Amend

Plaintiff has requested leave to file an amended complaint.   (Dkt. 35). Specifically, Plaintiff's proposed amended complaint contains three causes of action for breach of contract, against each of Brooklands, Inc. ("Brooklands"), Arc Devices, and Arc Devices LTD ("Arc Ireland").   (Dkt. 35-1).   Defendants oppose the motion on the grounds that Plaintiff has acted in bad faith and that the proposed amendments are futile. (Dkt. 46, 47).   Defendants also argue that leave to amend should be denied pursuant to Federal Rule of Civil Procedure 20, which governs joinder of parties.

### A.     Legal Standard

Pursuant to Federal Rule of Civil Procedure 15, leave to amend a pleading "shall be freely granted when justice so requires." Fed. R. Civ. P. 15.   "Because leave to amend 'shall be freely given,' generally 'amendments are favored to facilitate a proper decision on the merits.'" *Oneida Indian Nation of New York State v. Cty. of Oneida*, N.Y., 199 F.R.D. 61, 73 (N.D.N.Y. 2000) (quoting *Black Radio Network, Inc. v. NYNEX Corp.*, 44 F. Supp. 2d 565, 573 (S.D.N.Y. 1999)).

### B.     Bad Faith

"Bad faith or dilatory motive on the part of the movant can . . . justify denying leave to amend a pleading, but this factor requires an affirmative demonstration by the

non-moving party. . . ." *Roller Bearing Co. of Am. v. Am. Software, Inc.*, 570 F. Supp. 2d 376, 386 (D. Conn. 2008) (citations omitted).   As discussed above, the Court cannot conclude based on the current record that Plaintiff has acted in bad faith.   Defendants' arguments in support of their claim of bad faith all rely on the Court determining disputed factual issues on a preliminary and incomplete record, which the Court declines to do. As a result, the Court will not deny Plaintiff's motion for leave to amend based on this consideration.

### C.   Futility

"A district court may also deny leave to amend when the proposed amendment would be futile – that is, when it could not survive a Rule 12(b)(6) motion to dismiss." *Id*.   "The party opposing a motion to amend bears the burden of establishing that an amendment would be futile." *Lumetrics, Inc. v. Bristol Instruments, Inc.*, 101 F. Supp. 3d 264, 268 (W.D.N.Y. 2015) (quotation omitted).

Here, Defendants argue that Plaintiff's proposed amendments are futile because Plaintiff fails to properly allege that either Arc Devices or Arc Ireland is a successor in interest to Brooklands.  (Dkt. 46 at 19)[1].  In particular, Defendants argue that Plaintiff has not alleged "assumption by Arc or Arc Ireland of the liabilities ordinarily necessary for the uninterrupted continuation of the business of the acquired corporation, i.e., any fact at

---

[1]   Defendant Brooklands, Inc., incorporates by reference the memorandum filed by Arc Devices (*see* Dkt. 47 at 1) and as such, the Court has generally cited to Arc Devices' memorandum.

all tending to lead to the conclusion that either Arc entity assumed Brooklands' obligations under the Management Agreement." (*Id.*).

In considering whether a proposed amended complaint is futile, the Court "is limited to the facts alleged in the complaint and is required to accept those facts as true. A court may, however, consider documents attached to the complaint; statements or documents incorporated into the complaint by reference; matters of which judicial notice may be taken, such as public records; and documents that the plaintiff either possessed or knew about, and relied upon, in bringing the suit." *John Deere Shared Servs., Inc. v. Success Apparel LLC*, No. 15-CV-1146 JMF, 2015 WL 6656932, at *1 (S.D.N.Y. Oct. 30, 2015) (citations omitted).

With respect to Plaintiff's allegations regarding Arc Devices and Arc Ireland, "[u]nder New York law, the purchaser of a corporation's assets does not, as a result of the purchase, ordinarily become liable for the seller's debts. The *de facto* merger doctrine, however, provides an exception to that rule. A *de facto* merger results when a transaction such as a sale and purchase of assets, although not in form a merger, is in substance a consolidation or merger of seller and purchaser." *Id.* at *6 (citations and quotations omitted). There are certain "hallmarks" of a *de facto* merger, including "(1) continuity of ownership; (2) cessation of ordinary business and dissolution of the acquired corporation as soon as possible; (3) assumption by the purchaser of the liabilities ordinarily necessary for the uninterrupted continuation of the business of the acquired

corporation; and (4) continuity of management, personnel, physical location, assets, and general business operation." *New York v. Nat'l Serv. Indus., Inc.*, 460 F.3d 201, 209 (2d Cir. 2006). "While the Second Circuit has yet to resolve the question of whether all four factors must be present prior to a finding of de facto merger . . ., there is significant support in the case law for the notion that not all these elements are necessary to find *a de facto* merger." *Societe Anonyme Dauphitex v. Schoenfelder Corp.*, No. 07 CIV. 489, 2007 WL 3253592, at *3 (S.D.N.Y. Nov. 2, 2007) (quotation omitted) (denying motion to dismiss where plaintiff alleged facts to support continuity of ownership and continuity of management, personnel, physical location, assets, and general business operation).

"Taking the allegations in the [proposed amended complaint] as true and drawing all reasonable inferences in Plaintiff's favor, Plaintiff adequately alleges a *de facto* merger." *John Deere*, 2015 WL 6656932 at *6. Plaintiff alleges that Arc Ireland acquired Brooklands and began selling the VeraTemp brand of products. (Dkt. 35-1 at ¶ 18). Plaintiff further alleges that Arc Ireland provided a "credit facility" to Brooklands, and that it then extended that "credit facility" and took over the Brooklands business. (*Id.* at ¶¶ 19, 24). Plaintiff further alleges that Arc Ireland (and Arc Devices, which is allegedly 100% owned by Arc Ireland) "continued the business of Brooklands in the United States by taking over the VeraTemp business and transforming it into the InstaTemp business on behalf of the same owners using the same executives, physical locations, assets and intellectual property that had belonged or belong to Brooklands."

(*Id.* at ¶¶ 35, 43).   Accepting these allegations in the light most favorable to Plaintiff, a reasonable factfinder could find "continuity of ownership, as well as continuity of management, personnel, physical location, assets, and general business operation." *Societe Anonyme*, 2007 WL 3253592 at *4.

The Court is cognizant that Arc Devices has submitted factual materials that it maintains demonstrate that neither Arc Devices nor Arc Ireland acquired Brooklands. (*See, e.g.,* Dkt. 46 at 12-13).   However, in assessing futility, the Court's consideration is limited to the proposed amended complaints and the documents annexed thereto.   The factual issues identified by Defendants are not amenable to determination by the Court at this phase of the litigation.

### D.     Rule 20

Defendants argue that the Court should deny Plaintiff's request to join Arc Ireland, a new party, pursuant to Rule 20.   Pursuant to Rule 20(a)(2), joinder of a defendant is appropriate if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action."   Fed. R. Civ. P. 20(a)(2)(A-B).   Defendants do not dispute that this standard is met here, but instead argue that the Court should not allow joinder of Arc Ireland because such joinder "will result in prejudice, expense or delay."   (Dkt. 46 at 20). Defendants have not expanded on this argument in any way (such as by identifying the

prejudice that will allegedly result), nor have they cited any cases in which a court has denied joinder in circumstances comparable to those in this case (indeed, Defendants have not cited any cases at all in support of their Rule 20 argument). The Court is not persuaded that Rule 20 provides an appropriate basis for denial of Plaintiff's request for leave to amend. *See Savine-Rivas v. Farina*, No. CV-90-4335 (CPS), 1992 WL 193668, at *2 (E.D.N.Y. Aug. 4, 1992) (noting that there is "little practical difference" in considering a request to add a new party under Rule 15 or Rule 20).

It is also not determinative that (as discussed in detail below) adding Arc Ireland as a defendant will destroy diversity. "[A]bsent a showing that a plaintiff seeks to amend a complaint to add a nondiverse defendant solely to effectuate a remand from federal court to state court by destroying diversity, the amendment may be permitted even though diversity jurisdiction is thereby destroyed." *Coniglio v. The Andersons, Inc.*, No. 03-CV-0153A(F), 2004 WL 1228393, at *4 (W.D.N.Y. June 3, 2004). There is no evidence in this case that Plaintiff's sole motivation in seeking to add Arc Ireland is to destroy diversity.

For all the reasons discussed above, the Court finds that leave to amend should be granted pursuant to Rule 15. Plaintiff is ordered to file its Amended Complaint no later than July 19, 2016.

III.    **Motion for Remand**

Plaintiff's proposed amended complaint adds Arc Ireland as a defendant.   (Dkt. 35-1).  Plaintiff maintains that the addition of Arc Ireland as a defendant will destroy diversity and, with it, this Court's jurisdiction. (Dkt. 35-2 at 8-9).  This is so, according to Plaintiff, because Arc Ireland is a limited liability company of which Greenwood is a shareholder/member. (*Id.*).  Defendants dispute this assertion, arguing that Arc Ireland is a corporation incorporated in Ireland and with its principal place of business in Ireland. (Dkt. 46 at 21).

As "[t]he part[ies] seeking to invoke jurisdiction under 28 U.S.C. § 1332," Defendants "bear[] the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Herrick Co., Inc. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322-23 (2d Cir. 2001) (internal quotations and citation omitted). Here, Plaintiff has submitted evidence that Arc Ireland is a limited liability company.   (*See* Dkt. 35-8 at 7, 9). Defendants, the proponents of diversity jurisdiction, have not submitted any evidence or authority to support the claim that Arc Ireland is instead a corporation.  To the contrary, Arc Devices has submitted a declaration from an Irish solicitor which affirmatively states that Arc Ireland is "a limited liability company." (Dkt. 50 at 3).   The citizenship of a foreign limited liability company is "determined by the citizenship of its members. . . ." *Century Metal Recycling, Pvt. Ltd. v. Dacon Logistics, LLC*, No. 3:13-CV-00093 CSH, 2013 WL 5929816, at *3 (D. Conn. Nov. 4, 2013). Arc Devices' own submission to the

-16-

Court further states that "[u]nder Irish law, the 'members' of a company limited by shares are the company's shareholders." (Dkt. 50 at 3).

Under these circumstances, the Court concludes that Arc Ireland is a citizen of New York for purposes of diversity jurisdiction, because its shareholder/member Greenwood Group LLC is concededly a citizen of New York. (*See* Dkt. 34). Moreover, because both Plaintiff and Arc Ireland are citizens of New York, complete diversity will not exist once the Amended Complaint is filed, and this Court will no longer have jurisdiction over this matter. "As the proposed amendment to the Complaint will destroy diversity jurisdiction, the case is to be remanded to state court upon the filing of the amended Complaint." *Coniglio*, 2004 WL 1228393 at *2; *see also* 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.").

## CONCLUSION

For the foregoing reasons, Arc Devices' motion to vacate, for costs, and for sanctions (Dkt. 36) is denied, and Plaintiff's motion for leave to file an amended complaint and for remand (Dkt. 35) is granted. Plaintiff is ordered to file its Amended Complaint no later than July 19, 2016. Upon Plaintiff's filing of the Amended Complaint, this action will be remanded to New York State Supreme Court.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: July 12, 2016
       Rochester, New York