UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



___

GREENWOOD GROUP, LLC,

    Plaintiff,

-v-

BROOKLANDS, INC., and ARC DEVICES, INC. USA,

    Defendants.

**DECISION AND ORDER**

1:15-CV-00851 EAW

___

## INTRODUCTION

The instant action was removed to this Court from New York State Supreme Court, Erie County, on September 21, 2015. (Dkt. 1). Defendant Arc Devices, Inc. USA ("Arc Devices") moved pursuant to Federal Rule of Civil Procedure 12(b)(2) for dismissal due to lack of personal jurisdiction. (Dkt. 5). On March 8, 2016, the Court held a hearing at which it reserved decision on Arc Devices' motion and ordered that limited jurisdictional discovery be conducted. (Dkt. 24).

On April 26, 2016, Plaintiff Greenwood Group, LLC ("Plaintiff") filed a Notice of Voluntary Dismissal (Dkt. 36) in which it voluntarily dismissed its claim against Arc Devices. Contemporaneously with the filing of the Notice of Voluntary Dismissal, Plaintiff also filed a motion for leave to file an amended complaint and for remand to

state court. (Dkt. 35). On May 6, 2016, Arc Devices filed a motion to vacate the Notice of Voluntary Dismissal and for costs and sanctions. (Dkt. 42). On July 12, 2016, the Court entered a Decision and Order (the "July 12th Decision and Order") granting Plaintiff's motion for leave to file an amended complaint and for remand and denying Arc Devices' motion to vacate and for costs and sanctions. (Dkt. 51). Arc Devices subsequently moved for reconsideration of that portion of the July 12th Decision and Order granting Plaintiff's motion for remand. (Dkt. 52). Plaintiff filed opposition papers on July 20, 2016. (Dkt. 54). For the reasons set forth below, Arc Devices' motion for reconsideration is denied.

## DISCUSSION

**I.    Legal Standard**

The Federal Rules of Civil Procedure do not recognize a motion for "reconsideration." *See Lopez v. Goodman*, No. 10-CV-6413 CJS, 2013 WL 5309747, at *1 (W.D.N.Y. Sept. 20, 2013) (citing *Hamilton v. Williams*, 147 F.3d 367, 371 n. 10 (5th Cir. 1998)). "Since the Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration, such a motion may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b)." *Hill v. Washburn*, No. 08-CV-6285, 2013 WL 5962978, at *1 (W.D.N.Y. Nov. 7, 2013) (citing *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989)).

As explained by the Second Circuit, "[t]he standard for granting a [motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Virgin Atl. Airways v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citations omitted). "With respect to the third of these criteria, to justify review of a decision, the Court must have 'a clear conviction of error on a point of law that is certain to recur.'" *Turner v. Vill. of Lakewood*, No. 11-CV-211-A, 2013 WL 5437370, at *3-4 (W.D.N.Y. Sept. 27, 2013) (quoting *United States v. Adegbite*, 877 F.2d 174, 178 (2d Cir. 1989)). "'These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court.'" *Boyde v. Osborne*, No. 10-CV-6651, 2013 WL 6662862, at *1 (W.D.N.Y. Dec. 16, 2013) (quoting *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999)).

## II. Reconsideration is Not Warranted

Arc Devices seeks reconsideration on the ground that the Court misinterpreted the information Arc Devices submitted regarding the citizenship of Arc Devices, Ltd. ("Arc Ireland"). Specifically, Arc Devices argues that Arc Ireland is the equivalent of a U.S.

corporation and not of a U.S. limited liability company. Arc Devices further requests that it be permitted to file additional briefing and additional factual information, including expert witness testimony, regarding Arc Ireland's citizenship and/or that the Court conduct an evidentiary hearing.

Arc Devices should have made its case when faced with the motion to remand. As the party seeking to invoke this Court's jurisdiction, Defendants have always born the burden to demonstrate that the removal from state court to federal court was warranted. When faced with Plaintiff's motion to remand, Arc Devices had a full and fair opportunity to present any information regarding Arc Ireland's citizenship to the Court. Arc Devices is charged with knowing that "on a motion to remand, the party seeking to sustain the removal, not the party seeking remand, bears the burden of demonstrating that removal was proper." *Hodges v. Demchuk*, 866 F. Supp. 730, 732 (S.D.N.Y. 1994) (citing *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979) ("the burden falls squarely upon the removing party to establish its right to a federal forum by competent proof")); *see also Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006) ("It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction."). Moreover, "the party seeking remand is presumed to be entitled to it unless the removing party can demonstrate otherwise," *Bellido-Sullivan v. Am. Int'l Grp., Inc.*, 123 F. Supp. 2d 161, 163 (S.D.N.Y. 2000), and "any doubts as to

removability should be resolved in favor of remand," *Payne v. Overhead Door Corp.*, 172 F. Supp. 2d 475, 477 (S.D.N.Y. 2001).

In other words, to the extent that there was any question about Arc Ireland's citizenship, the burden was on Arc Devices to submit evidence to the Court sufficient to establish that diversity existed. That Arc Devices failed to do is not grounds for reconsideration, particularly in the absence of any reason or justification for that failure. *See Brown v. Diversified Maint. Sys.*, LLC, No. 16-CV-230, 2016 WL 3207712, at *4 (W.D.N.Y. June 10, 2016) ("[I]t is not the court's obligation to lead counsel through a jurisdictional paint-by-numbers scheme. Litigants who call on the resources of a federal court must establish that the tribunal has jurisdiction. . . .") (quotation omitted); *see also Bristol Tech., Inc. v. Microsoft Corp.*, 127 F. Supp. 2d 61, 62 (D. Conn. 2000) (a motion for reconsideration may not be used to "plug gaps in an original argument") (quotation omitted).

Arc Devices' repetition of the information contained in the affidavit it submitted to the Court in opposition to Plaintiff's motion (*see* Dkt. 52 at 2) does not constitute new evidence and does not justify reconsideration. Plaintiff plainly argued in support of its motion for remand that Arc Ireland was a limited liability company, and since Plaintiff was a member, any diversity jurisdiction was destroyed. (Dkt. 35-2 at 8-9). In responding to Plaintiff's motion to remand, Arc Devices was provided an opportunity to demonstrate that Arc Ireland was not a limited liability company and instead that its

citizenship should be evaluated as a U.S. corporation as opposed to a U.S. limited liability company. Initially, Arc Devices submitted no independent evidence on that point in opposition to the remand motion. (Dkt. 46 at 20-21). Then, Arc Devices submitted after the deadline set by the Court "supplemental exhibits" consisting of a declaration from the solicitor of Arc Ireland which plainly describes the company as "a limited liability company." (Dkt. 50 at ¶ 4). The additional evidence that Arc Devices now seeks to submit, including expert witness affidavits "on the similarities and distinctions between Irish Arc Devices, Ltd. and a U.S. corporation and a U.S. LLC" (Dkt. 52 at 3), should have been presented to the Court when it was considering the motion to remand.

Additionally, Arc Devices has misapprehended the significance of the Second Circuit's holding in *Bailey v. Grand Trunk Lines New England*, 805 F.2d 1097 (2d Cir. 1986). *Bailey* stands for the unremarkable proposition that an alien *corporation's* citizenship is determined by reference to its global principal place of business and not its principal place of business within the United States. *Id.* at 1100-101. Here, the Court determined based on the record before it that Arc Ireland was akin to a limited liability company and that it therefore had the citizenships of its members/shareholders. Arc Ireland's principal place of business, global or otherwise, was never a factor in the Court's analysis.

Similarly, *Simon Holdings PLC Grp. of Companies U.K. v. Klenz*, 878 F. Supp. 210 (M.D. Fla. 1995), did not involve an alien limited liability company. Moreover, there does not appear to have been any dispute in *Klenz* that the alien company was akin to a U.S. corporation. *See id.* at 212.

In sum, Arc Devices has not demonstrated that reconsideration of the July 12th Decision and Order is warranted. As a result, its motion is denied.

## CONCLUSION

For the foregoing reasons, Arc Devices' motion for reconsideration (Dkt. 52) is denied. The Court further lifts the stay of the July 12th Decision and Order entered on July 13, 2016. (Dkt. 53). <u>Plaintiff is ordered to file its Amended Complaint no later than August 19, 2016</u>. Upon Plaintiff's filing of the Amended Complaint, this action will be remanded to New York State Supreme Court.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: August 10, 2016
       Rochester, New York